**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George Chad DEPUTEE, Defendant-Appellant.**

**No. 16-30295**

United States Court of Appeals, Ninth Circuit.

ed by Ninth Circuit Rule 36-3.

Submitted March 6, 2018 *
Seattle, Washington

Filed March 12, 2018

Leif Johnson, John David Sullivan, As-
sistant U.S. Attorneys, Office of the US
Attorney, Billings, MT, for Plaintiff-Appel-
lee

Richard A. Hostetler, Attorney, Law
Firm of Richard A. Hostetler, Denver, CO,
for Defendant-Appellant

Before: RAWLINSON and
CHRISTEN, Circuit Judges, and
BENCIVENGO,** District Judge.

MEMORANDUM ***

George Chad Deputee appeals a jury
verdict finding him guilty on two counts of
sexual abuse of a minor in violation of 18
U.S.C. §§ 1153(a), 2241(c), and 2244(a)(1).
He argues that the district court erred
when it admitted testimony from the vic-
tim's sister ("Sister") about uncharged sex-
ual abuse by Deputee. We have jurisdic-
tion under 28 U.S.C. § 1291 and affirm.

Deputee does not dispute that Sister's
testimony fell within the scope of Federal
Rules of Evidence 413 and 414, which per-
mit the admission of evidence that the
defendant committed any other sexual as-
sault, or any other child molestation, re-
spectively. Instead, Deputee contends that
the district court did not balance whether
Sister's testimony about uncharged abuse

was more probative than prejudicial pursu-
ant to Rule 403.

When determining whether to admit evi-
dence of a defendant's prior acts of sexual
misconduct under Rule 403, the district
court should consider factors including "(1)
'the similarity of the prior acts to the acts
charged,' (2) the 'closeness in time of the
prior acts to the acts charged,' (3) 'the
frequency of the prior acts,' (4) the 'pres-
ence or lack of intervening circumstances,'
and (5) 'the necessity of the evidence be-
yond the testimonies already offered at
trial.'" *United States v. LeMay*, 260 F.3d
1018, 1028 (9th Cir. 2001) (quoting *Doe ex
rel. Rudy-Glanzer v. Glanzer*, 232 F.3d
1258, 1268 (9th Cir. 2000)). The district
court considered each of these factors
when it denied Deputee's motion in limine
to exclude Sister's testimony about Depu-
tee's uncharged abuse. We therefore re-
view the district court's ruling for an abuse
of discretion. *Id.* at 1024.

Deputee contends that the district court
abused its discretion because it did not
consider the credibility of Sister's testimo-
ny. Specifically, Deputee argues that the
requirements of Federal Rule of Evidence
104(b) were not satisfied. Rule 104(b), how-
ever, did not require the district court to
weigh Sister's credibility or determine that
the government had proved that Deputee
abused Sister by a preponderance of the
evidence. The district court was required
only to examine "all the evidence in the
case and decide[ ] whether the jury could
reasonably find the conditional fact—[here,
that Deputee had abused Sister]—by a
preponderance of the evidence." *Huddle-
ston v. United States*, 485 U.S. 681, 690,

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Cathy Ann Bencivengo, Unit-ed States District Judge for the Southern Dis-trict of California, sitting by designation.

*** This disposition is not appropriate for publi-cation and is not precedent except as provid-ed by Ninth Circuit Rule 36-3.

108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). Sister's testimony was sufficient, without more, to allow a jury to find by a preponderance that Deputee had abused Sister. *See United States v. Redlightning*, 624 F.3d 1090, 1120 (9th Cir. 2010). Accordingly, Sister's testimony satisfied Rule 104(b), and the district court did not abuse its discretion when it admitted Sister's testimony under Rules 403, 413, and 414.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.